*583 OPINION.
Van Fossan:
The above findings of fact which contain all of the material facts proven at the hearing on the case are entirely inadequate to prove error on respondent’s part. It is alleged in the petition that the cost of redrilling old wells and other development work was charged to expense on petitioner’s books. Petitioner’s bookkeeper testified, however, that the cost of development was charged to capital account. These conflicting statements were not reconciled. It was stipulated that petitioner incurred an operating deficit in the years 1913-1914, but there is no testimony as to the items comprising the same. It is so clear as to require no argument in support that the mere fact that an operating deficit was incurred does not warrant the inclusion of such deficit in invested capital. There are certain expenses made for development of a property that may properly be charged to capital account, but the nature of the items and the amounts must be clearly proven. Sentinel Publishing Co., 2 B. T. A. 1211; W. H. Roberts, 4 B. T. A. 1157; Fibre Conduit Co., 4 B. T. A. 1254; North Street Trust, 6 B. T. A. 947; R. E. Thompson, *584 7 B. T. A. 391; H. B. Moore, 8 B. T. A. 749; Seletha O. Thompson, 9 B. T. A. 1342.
Petitioner’s case fails for want of proof.

Judgment will be entered for the respondent.